# EXHIBIT A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

LELAND STANFORD JUNIOR UNIVERSITY; and DOES 1 to 20,
Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

SARAH LANGLANDS and LEIGHLAND HOOKS, individually, and
on behalf of all other similarly situated persons

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

E-FILED
3/6/2019 3:54 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
19CV343871
Reviewed By: R. Walker
Envelope: 2595021

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.cs.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case. *¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

**CASE NUMBER:**
*(Número del Caso):* **19CV343871**

Superior Court of California, County of Santa Clara
191 N 1st St, San Jose, CA 95113

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Cary Kletter, Kletter Law, 1900 S. Norfolk St., Ste. 350, San Mateo, CA 94403

| DATE:<br>*(Fecha)* 3/6/2019 3:54 PM | Clerk of Court | Clerk, by<br>*(Secretario)* | R. Walker | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* **LELAND STANFORD JUNIOR UNIVERSITY**

under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☐ by personal delivery on *(date):* 3/8/19

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

E-FILED
3/6/2019 3:54 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
19CV343871
Reviewed By: R. Walker

1   Cary Kletter (SBN 210230)
    Rachel Hallam (SBN 306844)
2   KLETTER LAW
    1900 S. Norfolk Street, Suite 350
3   San Mateo, CA 94403
    T: 415.434.3400
4   E: ckletter@kletterlaw.com

5   Attorneys for PLAINTIFF
    SARA LANGLANDS

6
    Hunter Pyle (SBN 191125)
7   Chad Saunders (SBN 257810)
    HUNTER PYLE LAW
8   428 13th Street, 11th Floor
    Oakland, CA 94612
9   T: (510) 444-4400
    E: csaunders@hunterpylelaw.com
10

11  Attorneys for PLAINTIFF
    LEIGHLAND HOOKS
12

13                    **SUPERIOR COURT OF CALIFORNIA**
                        **COUNTY OF SANTA CLARA**
14                      **UNLIMITED JURISDICTION**

15  SARA LANGLANDS and LEIGHLAND          Case No.  **19CV343871**
    HOOKS, individually, and on behalf of all other
16  similarly situated persons,           **CLASS ACTION COMPLAINT AND
                                          DEMAND FOR JURY**
17                    Plaintiffs,
                 v.
18
    LELAND STANFORD JUNIOR UNIVERSITY;
19  and DOES 1 to 20, inclusive,

20                    Defendants.

21

22

23          Plaintiffs SARA LANGLANDS and LEIGHLAND HOOKS, on behalf of themselves and

24  all other similarly situated individuals, complain and allege, upon information and belief, including

25  the investigation of PLAINTIFFS' counsel, unless otherwise, the following:

26

27

28                                      - 1 -
                    **CLASS ACTION COMPLAINT AND JURY DEMAND**

1

## I.    INTRODUCTION

2   1. Plaintiffs SARA LANGLANDS ("LANGLANDS") and LEIGHLAND HOOKS

3   ("HOOKS"), who worked as nonexempt employees for the LELAND STANFORD JUNIOR

4   UNIVERSITY ("STANFORD"); and/or DOES 1 THROUGH 20 (collectively

5   "DEFENDANTS") bring this class action against DEFENDANTS.

6   2. DEFENDANTS had and/or have a policy and practice of failing to provide their non-

7   exempt employees in California with:

8       A. Overtime payments when they work at more than one location per day for a
9          total of over 8 hours;

10      B. A meal break, or missed meal break penalty wages, when such employees
11         work more than 5 hours without being provided with a meal break and/or a
12         second meal break, or missed meal break penalty wages, when such
13         employees worked shifts of more than 10 hours without being provided with a
14         second meal break;

15      C. Wages for travel time between locations, and/or to mandatory meetings;

16      D. Expense reimbursement for travel (mileage and gas) between locations and to
17         mandatory meetings;

18      E. Expense reimbursement for cell phone usage;

19      F. Failing to produce accurate wage statements based upon the policies and
20         practices described above;

21      G. Failing to provide employee records after being asked to do so by former
22         employees;

23      H. Waiting time penalties; and

24      I. Failing to provide full-time employee benefits to employees who work more
25         than one part-time job for Stanford, the hours of which add up to full-time
26         work.

27

28

- 2 -

1    3. DEFENDANTS' policies and practices violate California Industrial Welfare

2    Commission ("IWC") Order 4-2001; California Code of Regulations, Title 8, Chapter 5, § 11040;

3    California Labor Code ("Labor Code") §§ 201, 202, 203, 204, 210, 226.7, 432, 512, 510, 558,

4    1194 and 2699(f)(2); and California Business and Professions Code ("B&P Code") §§ 17200 *et*

5    *seq.* (the "Unfair Business Practices Act"). These laws require, *inter alia*, employers to pay their

6    non-exempt employees minimum overtime rates for overtime work. These laws also require that

7    employees be paid for all hours worked, and that all hours worked be accurately reflected on an

8    itemized wage statement. PLAINTIFFS bring this action on behalf of themselves and all other

9    similarly situated individuals who worked as non-exempt employees for DEFENDANTS in

10   California in order to challenge the following policies and practices: A-I above in paragraph 3.

11   4. PLAINTIFFS, on behalf of themselves and all others similarly situated, seek

12   injunctive and declaratory relief, compensation for all uncompensated work, liquidated and/or

13   other damages as permitted by applicable law, as well as attorneys' fees, penalties, interest and

14   costs.

15                                   **II.   PARTIES**

16   5. LANGLANDS is an individual who, at all relevant times, was a resident of the State of
     California. LANGLANDS was an employee of DEFENDANTS in California from approximately
17   January 2013 to February 2018. At times she was classified by DEFENDANTS as "part-time".

18   6. HOOKS is an individual who, at all relevant times, was a resident of the State of

19   California. HOOKS was an employee of DEFENDANTS in California from approximately

20   September 2014 to January 2019.

21   7. STANFORD is, upon information and belief, a California non-profit corporation

22   doing business in California.

23   8. Upon information and belief STANFORD has more than 12,000 employees of whom

24   more than 1,500 are non-exempt employees.

25   9. PLAINTIFFS are ignorant of the true names and capacities of the DEFENDANTS

26   sued herein as DOES 1 through 20 and therefore sue them by such fictitious names.

27   PLAINTIFFS are informed and believe and thereon allege that said DEFENDANTS are in some

28                                        - 3 -

1  manner legally responsible for the activities and damages alleged herein. PLAINTIFFS will

2  amend this Complaint to allege their true names and capacities when ascertained.

3  10. PLAINTIFFS are informed and believe and thereon allege that at all times herein

4  mentioned each of the DEFENDANTS was acting as the partner, agent, servant, and employee of

5  each of the remaining DEFENDANTS, and in doing the things alleged herein was acting within

6  the course and scope of such agency and with the knowledge of the remaining DEFENDANTS.

7  At all times herein mentioned, DEFENDANTS, and each of them, ratified each and every act or

8  omission complained of herein. At all times herein mentioned, the DEFENDANTS, and each of

9  them, aided and abetted the acts and omissions of each and all of the other DEFENDANTS in

10  proximately causing the damages, and other injuries, as herein alleged.

11  ### III.  JURISDICTION AND VENUE

12  11. This Court has jurisdiction over PLAINTIFFS', claims pursuant to Labor Code §

13  1194.

14  12. The Court has jurisdiction over PLAINTIFFS' claims for injunctive relief and

15  restitution arising from DEFENDANTS unlawful business acts and practices under B&P Code

16  §§ 17203 and 17204.

17  13. Venue as to Defendants is proper in this County pursuant to California Code of Civil

18  Procedure ("CCP") § 395(a). DEFENDANTS conduct business and employ Class Members in

19  this County, and events complained of herein occurred in this County.

20  14. On or about February 4, 2019, PLAINTIFFS or some of them gave notice to the

21  California Labor and Workforce Development Agency ("LWDA") pursuant to Labor Code §§

22  210 and 211, and the California Private Attorneys General Act, § 2698, *et seq.* ("PAGA") about

23  Defendants' violation of Labor Code §§ 203, 204, 210 and 211. Thus the Court has jurisdiction

24  over PLAINTIFFS' claims for penalties pursuant to Labor Code §§ 203, 204, 210 and 211.

25  15. The LWDA already has given, or will give, PLAINTIFFS or some of them the right to

26  proceed as private attorneys general because the LWDA does not intend to investigate

27  PLAINTIFFS' allegations.

28

- 4 -

1    16. PLAINTIFFS or some of them are or will be authorized and deputized to proceed as

2    private attorneys general.

3

4                        IV.    **FACTUAL ALLEGATIONS**

5    17. PLAINTIFFS, and other Class Members worked as non-exempt employees of

6    DEFENDANTS in California.

7    18. PLAINTIFFS, and other Class Members, worked in excess of 8 hours per day

8    (sometimes at different job sites) but were not paid overtime premium wages for their overtime

9    hours worked.

10   19. At times, DEFENDANTS paid PLAINTIFFS and Class Members straight wages for

11   overtime work.

12   20. At times, DEFENDANTS employed an unlawful scheme in which PLAINTIFFS and

13   Class Members overtime hours on one day were added to other shifts so that DEFENDANTS

14   could pay them straight wages for overtime hours.

15   21. PLAINTIFFS, and other class members, were not provided with 30-minute

16   uninterrupted meal breaks in which they were relieved of all work when they worked shifts in

17   excess of 5 hours, and were not provided with missed meal break penalty wages.

18   22. PLAINTIFFS, and other Class Members, who worked in excess of 10 hours per day

19   were not provided with a second meal break by DEFENDANTS, nor were they provided with

20   missed meal break penalty wages, when they worked in excess of 10 hours per day.

21   23. PLAINTIFFS and Class Members were not paid for their travel time between job

22   locations and between their job locations and mandatory meetings.

23   24. PLAINTIFFS and Class Members were not reimbursed for travel expenses (mileage

24   and gas) for travel to and from mandatory meeting locations and travel between job locations.

25   25. PLAINTIFFS and other Class Members were not reimbursed for their work-related

26   cell phone usage.

27

28                                        - 5 -

1      26. DEFENDANTS did not accurately record the hours worked, overtime and meal

2  breaks taken by PLAINTIFFS, and other Class Members on their wage statements.

3      27. PLAINTIFFS and Class Members were not provided with waiting time penalties

4  when they were entitled to them.

5      28. PLAINTIFFS and Class Members who worked more than one part-time job for

6  Stanford, the hours of which added together equaled full-time work, were not provided with full-

7  time benefits .

8      29. On March 9, 2018 LANGLANDS requested copies of all documents that she signed,

9  her personnel file, and her wage and hour records. DEFENDANTS did not provide

10  LANGLANDS and Class Members who requested personnel records with the records requested.

11

12               **V.**    **CLASS ALLEGATIONS**

13      30. PLAINTIFFS LANGLANDS and HOOKS bring this action on behalf of themselves

14  and others similarly situated, and the Class Members, pursuant to CCP § 382.

15      31. The Class that PLAINTIFFS LANGLANDS and HOOKS seek to represent is defined

16  as follows:

17          All non-exempt employees of DEFENDANTS during the four years prior to the
        commencement of this lawsuit through the date of final resolution of the claims
18          herein in the State of California.

19      32. This action has been brought and may properly be maintained as a class action under

20  CCP § 382 because there is a well-defined community of interest in the litigation and the Class is

21  easily ascertainable:

22          a. Numerosity:   The potential Class Members as defined are so numerous that

23              joinder of all the Class Members is impracticable.   DEFENDANTS employ

24              numerous non-exempt employees in California at any given time, it is estimated

25              that there are more than 1,500 putative Class Members.

26          b. Commonality: There are questions of law and fact common to the PLAINTIFFS

27              and to the Class that predominate over any questions affecting only individual

28                                   - 6 -

Class Members.   These common questions of law and fact include, without limitation:

    i.    Whether DEFENDANTS had or have a policy of failing to provide overtime premium pay to employees who worked more than 8 hours per day – sometimes at different locations and sometimes by putting hours on different shifts (an unlawful scheme to avoid overtime).

    ii.    Whether DEFENDANTS have or had a policy and practice of failing to provide a first or second meal break to Class Members who are entitled to them in violation of the California labor laws;

    iii.    Whether DEFENDANTS' policy and practice of denying meal breaks to Class Members is an unlawful, unfair or fraudulent business act or practice in violation of B&P Code §§ 17200 and 17203, *et seq.*;

    iv.    Whether DEFENDANTS' policy and practice of failing to pay all wages (including for travel time between work locations and/or to mandatory meetings) to Class Members is an unlawful, unfair or fraudulent business act or practice in violation of B&P Code §§ 17200 and 17203, *et seq.*;

    v.    Whether DEFENDANTS have or had a policy and practice of failing to pay Class Members split shift differential for working split shifts.

    vi.    Whether DEFENDANTS have or had a policy and practice of failing to reimburse Class Members travel expenses.

    vii.    Whether DEFENDANTS have or had a policy and practice of failing to reimburse Class Members for work related cell phone usage.

    viii.    Whether DEFENDANTS failed to provide employees working more than one part-time job with full-time benefits when such employee's hours worked in total was equal to full-time work;

    ix.    Whether DEFENDANTS violated Labor Code §§ 201-202 and/or the Unfair Business Practices Act by failing to promptly pay PLAINTIFFS, and all Class Members wages due to them upon the termination of their employment;

- 7 -
CLASS ACTION COMPLAINT AND JURY DEMAND

x.   Whether DEFENDANTS' payroll policies and practices have violated the Labor Code and/or the Unfair Business Practices Act by providing wage statements that do not accurately reflect the employees' earnings, hours worked, or other items listed in Labor Code § 226;

xi.   Whether DEFENDANTS failed to produce employment records to former employees who requested them.

xii.   The proper formula for calculating restitution, damages and waiting time penalties owed to PLAINTIFFS, and the Class.

c.   Superiority of Class Action:  A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class and predominate over any questions affecting only individual members of the Class.  Each of the Class Members has been damaged and is entitled to recovery by reason of Defendants' illegal policies and practices of failing to provide adequate meal breaks, of interrupting the employees' meal periods, of failing to timely and accurately pay non-exempt employees all wages due, and of failing to provide accurate itemized wage statements as required by law.  Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

**FIRST CAUSE OF ACTION**
(Failure to Pay All Overtime Earned for Hours Worked In
Violation of Labor Code §§ 510 and 1194 and IWC Wage Orders)

33. PLAINTIFFS incorporate by reference all paragraphs of this complaint.

34. Labor Code § 510(a) provides that work in excess of 8 hours in a day, or 40 hours in a week, must be compensated at a rate not less than one and one-half times the regular rate of pay for an employee.

- 8 -

35. Labor Code § 510(a) provides that work in excess of 12 hours in a day, and in excess of 8 hours on the seventh day, must be compensated at a rate not less than two times the regular rate of pay for an employee.

36. IWC Wage Order 4 and/or Title 8 of Cal. Code of Regulations § 11010 *et seq.* also provide that work in excess of 8 hours in a day, or 40 hours in a week, must be compensated at not less than one and one-half times the regular rate of pay for an employee.

37. Overtime wages must incorporate bonuses of the employees in the calculation of the regular rate of pay for purposes of determining the time-and-a-half and double-time amounts.

38. PLAINTIFFS, and other Class Members worked a shift or shifts totaling more than 8 hours in a work day.

39. PLAINTIFFS, and other Class Members worked more than 40 hours in a week.

40. DEFENDANTS failed to pay PLAINTIFFS, and other Class Members all overtime wages.

41. DEFENDANTS failed to pay PLAINTIFFS for travel time between job locations and to mandatory meetings.

42. Pursuant to Labor Code § 1194, PLAINTIFFS, and other Class Members are entitled to recover in a civil action the unpaid balance of the full amount of overtime compensation for all hours worked in excess of eight hours a work day.

43. As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFFS, and other Class Members have suffered damages, in an amount to be proven at trial.

44. As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFFS, and other Class Members are also entitled to attorneys' fees in addition to interest, expenses and costs of suit.

**SECOND CAUSE OF ACTION**
(Failure to Provide Meal Periods In Violation
of Labor Code §§ 226.7 and 512 and IWC Wage Orders)

45.  PLAINTIFFS re-allege and incorporate by reference all of the previous allegations.

46. At all times relevant herein, Labor Code §§ 226.7 and 512 and the applicable wage IWC orders, including IWC Wage Order 4-2001 (Cal. Code Reg., tit. 8, § 11010, subds. 11(A) and 12(A)), have required DEFENDANTS to provide meal break periods to their employees.

- 9 -

47. Labor Code §§ 226.7 and 512, and the IWC wage orders, including IWC Wage Order 4-2001 (Cal. Code Reg., tit. 8, § 11040, subds. 11(A) and 12(A)), prohibit employers from employing an employee for more than five hours without a meal period of at least 30 minutes, unless the employee works less than six hours.

48. Labor Code §§ 226.7 and 512, and the IWC wage orders, including IWC Wage Order 4-2001 (Cal. Code Reg., tit. 8, § 11040, subds. 11(A) and 12(A)), prohibit employers from employing an employee for 10 or more hours without a second meal period of at least 30 minutes.

49. Unless an employee is relieved of all duty during the 30 minute meal period, the employee is considered "on duty" and the meal periods are counted as time worked, under the applicable wage orders.

50. Under Labor Code § 226.7(b) and the IWC wage orders, an employer who fails to provide a required meal period must, as compensation, pay the employee one hour of pay at the employee's regular rate of compensation for each workday that the meal period was not provided.

51. DEFENDANTS have or had a policy and practice of not providing to employees the first nor second meal breaks to which they are entitled when the employees work more than 10 hours per day.

52. The aforementioned policies and practices are in violation of law, in that DEFENDANTS' policies and practices have denied PLAINTIFFS, and other Class Members of the first and second meal breaks to which they are legally entitled.

53. As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFFS, and other Class Members have suffered damages, in an amount to be proven at trial.

54. As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFFS, and other Class Members are also entitled to attorneys' fees in addition to interest, expenses and costs of suit.

CLASS ACTION COMPLAINT AND JURY DEMAND

1

2

## THIRD CAUSE OF ACTION
(Failure to Pay Wages for All Hours Worked In
Violation of Labor Code §§ 201, 202 and 203)

3

55. PLAINTIFFS re-allege and incorporate by reference all of the previous allegations.

4

56. Labor Code § 201(a) requires an employer who discharges an employee to pay

5

compensation due and owing to the employee immediately upon discharge.

6

57. Labor Code § 202(a) requires an employer to pay compensation due and owing to an

7

employee who has quit or resigned within seventy-two (72) hours of that the time at which the

8

employee provided notice of his intention to quit or resign.

9

58. Labor Code § 203 provides that if an employer willfully fails to pay compensation

10

promptly upon discharge or resignation, as required under Labor Code §§ 201 and 202, then the

11

employer is liable for waiting time penalties in the form of continued compensation for up to

12

thirty (30) work days.

13

59. PLAINTIFFS, and other Class Members are entitled to unpaid compensation for all

14

hours worked at the legally mandated rates, but for which they have not yet been paid.

15

60. Some PLAINTIFFS and certain Class Members have left the employ of

16

DEFENDANTS, but have not yet been fully compensated for the hours that they worked.

17

61.  DEFENDANTS have willfully failed and refused to make timely payment of wages

18

to PLAINTIFFS, and other Class Members.

19

62. As a direct and proximate result of DEFENDANTS' conduct, DEFENDANTS are

20

liable to PLAINTIFFS, and other Class members for up to thirty (30) days of waiting time

21

penalties pursuant to Labor Code § 203.

22

63. As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFFS, and

23

other Class Members are entitled to attorneys' fees, interest, expenses and costs of suit.

24

25

## FOURTH CAUSE OF ACTION
(Violation of Labor Code §§ 204 and 210)

26

64. PLAINTIFFS re-allege and incorporate by reference all paragraphs of this complaint.

27

65. All wages due to any employee are due and payable twice (2) during each month and

28

- 11 -

CLASS ACTION COMPLAINT AND JURY DEMAND

all overtime wages must be paid no later than the payday for the next regular payroll period pursuant to Labor Code § 204.

66. DEFENDANTS did not pay PLAINTIFFS all of her regular wages and all of the overtime wages within the applicable time periods set forth in Labor Code § 204, and have not paid them to date.

67. Labor Code § 210 provides for penalties for failure to pay wages pursuant to California Labor Code § 204 as one-hundred dollars ($100) for any initial violation and two-hundred dollars ($200) for each subsequent violation, plus twenty-five percent (25%) of the amount withheld.

68. As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFFS are also entitled to attorneys' fees, in addition to interest, expenses and costs of suit.

69. As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFFS and Class Members have suffered damages, in an amount to be proven at trial.

### FIFTH CAUSE OF ACTION

(Failure to Provide an Accurate Wage
Statement in Violation of Labor Code § 226)

70. PLAINTIFFS re-allege and incorporate by reference all of the previous allegations.

71. Labor Code § 226(a) and/or IWC Wage Orders (*See* 8 Cal. Code of Regs., §11040(8)) provide that every employer shall, semimonthly or at the time of each payment of wages, provide each employee with an accurate, written, itemized statement showing, *inter alia*, the gross wages earned, the total hours worked by the employee, and the applicable hourly rate in effect during the pay period and the corresponding number of hours earned at each hourly rate.

72. Labor Code § 226(e) provides:

An employee suffering injury as a result of a knowing and intentional failure by employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which the violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and attorneys fees.

73. DEFENDANTS have failed and continue to fail to provide accurate, itemized wage statements to PLAINTIFFS, and other Class Members in that the wage statements that DEFENDANTS provided to their non-exempt employees, including PLAINTIFFS, and other Class Members do not accurately reflect the actual hours worked and the wages earned.

- 12 -
CLASS ACTION COMPLAINT AND JURY DEMAND

74. DEFENDANTS are liable to PLAINTIFFS, and other Class Members for the amounts described above, in addition to the civil penalties provided for in Labor Code §226.3.

75. As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFFS, and other Class Members are also entitled to attorneys' fees under Labor Code § 226(e), in addition to interest, expenses and costs of suit.

### SIXTH CAUSE OF ACTION
(Civil Penalties Under Labor Code § 558)

76. PLAINTIFFS re-allege and incorporate by reference all paragraphs of this complaint.

77. Labor Code § 558 provides for civil penalties for violation of the Labor Codes' and IWC Wage Orders' regulations regarding hours worked.

78. Labor Code § 558 provides for civil penalties for violation of provisions regulating hours as $50 for the initial pay period violation (in addition to the amount of the unpaid wages) and $100 for each subsequent pay period violation (in addition to the amount of the unpaid wages).

79. At all relevant time herein, DEFENDANTS failed to pay PLAINTIFFS, and other Class Members all overtime earned for hours worked; failed to provide PLAINTIFFS, and other Class Members uninterrupted meal breaks; failed to pay PLAINTIFFS, and other Class Members all reimbursements to which the employees were entitled; failed to pay PLAINTIFFS, and other Class Members regular wages within the applicable time periods; and failed to provide PLAINTIFFS, and other Class Members with accurate itemized wage statements. DEFENDANTS' conduct described herein violates the IWC Wage Orders and Labor Code §§ 201, 202, 203, 204, 226, 226.7, 510, 512 and 1194.

80. DEFENDANTS are liable to PLAINTIFFS, and other Class Members for civil penalties pursuant to Labor Code § 558 for violation of the Labor Codes' and IWC Wage Orders' regulations regarding hours worked based upon the facts and circumstances described above.

### SEVENTH CAUSE OF ACTION
(Unlawful, Unfair and Fraudulent Business Practices
In Violation of B&P Code §§ 17200 and 17203, *et seq.*)

81. PLAINTIFFS re-allege and incorporate by reference all of the previous allegations.

- 13 -

CLASS ACTION COMPLAINT AND JURY DEMAND

82. The California Business & Professions Code ("B&P Code") § 17200 *et seq.* prohibits unfair competition in the form of any unlawful, unfair or fraudulent business act or practice.

83. B&P Code § 17202 provides: "Notwithstanding Section 2289 of the Civil Code, specific or preventative relief may be granted to enforce a penalty, forfeiture, or penal law in case of unfair competition."

84. B&P Code § 17203 provides that the Court may restore to any person in interest any money or property which may have been acquired by means of such unfair competition.

85. B&P Code § 17203 also provides that any person who meets the standing requirements of Section 17204 and complies with CCP Section 382 may pursue representative claims for relief on behalf of others.

86. B&P Code § 17204 allows "any person who has suffered injury in fact and has lost money or property as a result of such unfair competition" to prosecute a civil action for violation of the Unfair Business Practices Act.

87. Labor Code § 90.5(a) states that it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with the minimum standards law.

88. Pursuant to B&P § 17202, PLAINTIFFS and other similarly situated employees are entitled to enforce all applicable provisions of the Labor Code.

89. Beginning at an exact date unknown to PLAINTIFFS, but at least since the date four years prior to the filing of this suit, DEFENDANTS have committed acts of unfair competition as defined by the Unfair Business Practices Act, by engaging in the unlawful, unfair and fraudulent practices and acts described in this Complaint, including, but not limited to:

   a. Violations of Labor Code §§ 510 and 1194, and IWC Wage Order 4 pertaining to overtime compensation;

   b. Violations of Labor Code §§ 226.7 and 512, and IWC Wage Order 4 pertaining to meal periods;

   c. Failing to reimburse for expenses;

   d. Violations of Labor Code § 226, pertaining to itemized statements of wages;

   e. Split Shifts Pay Violations;

   f. Waiting time penalties; and

- 14 -

g. Violations of Labor Code § 1198.

90. By violating these statutes and regulations, the acts of DEFENDANTS constitute unfair and unlawful business practices under B&P § 17200 *et seq*.

91. The violations of these laws and regulations, as well as of fundamental California public policies protecting workers, serve as unlawful predicate acts and practices for purposes of B&P Code §§ 17200 and 17203, *et seq*.

92. The acts and practices described above constitute unfair, unlawful and fraudulent business practices, and unfair competition, within the meaning of B&P Code §§ 17200 and 17203, *et seq*. DEFENDANTS' violation of the law and regulations described above constitutes a business practice because it was done repeatedly over a significant period of time and in a systematic manner to the detriment of PLAINTIFFS, and other Class Members. Among other things, DEFENDANTS' acts and practices have forced PLAINTIFFS and other similarly situated workers to labor for many hours in a row without receiving minimum (overtime) pay and the meal periods to which they were entitled by law and which are important to employee safety. The acts and practices described above have allowed DEFENDANTS to gain an unfair competitive advantage over law-abiding employers and competitors.

93. As a direct and proximate result of the acts and practices described herein, PLAINTIFFS, and other Class Members have been denied compensation, in an amount to be proven at trial. PLAINTIFFS and those similarly situated have accordingly each suffered injury in fact and have lost money or property as a result of DEFENDANTS' unfair, unlawful and fraudulent business practices, and unfair competition.

94. PLAINTIFFS, and other Class Members are entitled to restitution pursuant to B&P Code § 17203 for all wages and other compensation unlawfully withheld from employees during the four year period prior to the filing of the complaint.

95. *Pineda v. Bank of America, N.A.* (2010) 50 Cal.4th 1389 does not preclude PLAINTIFFS and Class Members from recovering as restitution under B&P Code § 17200 *et seq*. *Pineda* only provides that Labor Code § 203 penalties are not recoverable as restitution under Unfair Competition Law (UCL). *Id*. Therefore, PLAINTIFF, and other Class Members can recover as restitution under UCL for violations of Labor Code §§ 226.7 and 512, and IWC Wage Order 4 pertaining to meal and rest periods, Labor Code §§ 510 and 1194, and IWC Wage Order 4 pertaining to overtime compensation, Labor Code §§ 201, 202 and 204, 210 and

- 15 -

2698(f)(2), pertaining to unpaid wages; and Labor Code § 226, pertaining to itemized statements of wages.

96. Injunctive relief is necessary and appropriate to prevent DEFENDANTS from repeating their unlawful, unfair and fraudulent business acts and practices described herein.

97. Pursuant to § 17203 and/or any other applicable law, PLAINTIFFS seeks an order preventing DEFENDANTS from engaging in unlawful, unfair and fraudulent conduct, and preventing DEFENDANTS from profiting and benefiting from illegal and wrongful acts.

98. PLAINTIFFS' success in this action will enforce important rights affecting the public interest. Therefore, PLAINTIFFS sue on behalf of the general public, as well as themselves and Class Members.

99. An award of attorneys' fees is appropriate pursuant to CCP § 1021.5 and other applicable laws, because: 1) this action will confer a significant benefit upon a large class of persons; 2) there is a financial burden involved in pursuing this action; and 3) it would be against the interest of justice to force PLAINTIFFS to pay attorneys fees from any amount recovered in this action.

## EIGHTH CAUSE OF ACTION
### (Violation of ERISA)

100. PLAINTIFFS re-allege and incorporate by reference all of the previous allegations.

101. DEFENDANTS provide retirement, health, dental, vision and other benefits to full-time employees that are not provided to part-time employees.

102. PLAINTIFFS and Class Members, who were improperly classified as part-time employees by DEFENDANTS worked more than one part-time job the hours of which aggregated amounted to full-time work, should have been provided with full-time benefits by DEFENDANTS.

103. DEFENDANTS who failed to provide PLAINTIFFS and Class Members and similarly situated employees with such benefits violated the Employee Retirement Income Security Act ("ERISA") 29 U.S.C. ch. 18 § 1001 et seq.

104. As a result, PLAINTIFFS suffered damages in an amount to be proven at trial.

105. PLAINTIFFS are entitled to recover the monetary value of the benefits not provided as well as attorneys' fees and costs.

CLASS ACTION COMPLAINT AND JURY DEMAND

## NINTH CAUSE OF ACTION
Expense Reimbursement
Labor Code § 2802

106. PLAINTIFFS re-allege all of the previous allegations herein.

107. DEFENDANTS' policies and practices failed to comply with the California Labor Code with regard to expense reimbursement.

108. DEFENDANTS did not have a cell phone use policy that accounted for the mandatory calls that their employees were required to participate in.

109. DEFENDANTS did not reimburse PLAINTIFFS, nor Class Members for their gas, mileage or work cell phone use expenses as required by Labor Code section 2802.

110. DEFENDANTS owe PLAINTIFFS, and other Class members unreimbursed business expenses.

## TENTH CAUSE OF ACTION
Failure to Produce Records
Labor Code § 226,432 and 1198.5

111. LANGLANGS re-alleges all of the previous allegations herein.

112. LANGLANDS and Class Members requested Employment records from DEFENDANTS after their employment ended.

113. DEFENDANTS failed to produce the requested records.

114. DEFENDANTS' failure to produce records is a violation of CA Labor Code § 226,432 and 1198.5.

115. DEFEDANTS are liable for statutory damages, attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFFS pray for an order as follows:

1. Pursuant to California CCP § 382, certifying this action as a class action;

2. Certifying the Class, and appointing PLAINTIFFS LANGLANDS and HOOKS and as Class Representatives, and KLETTER LAW and HUNTER PYLE LAW as Class Counsel;

- 17 -

CLASS ACTION COMPLAINT AND JURY DEMAND

3. For declaratory judgment that DEFENDANTS have violated California Labor Laws and public policy, as alleged herein;

4. For declaratory judgment that DEFENDANTS have violated B&P Code §§ 17200 and 17203, *et seq.*, as a result of the aforementioned violations of the Labor Code and of California public policy protecting workers, ensuring that workers are paid at the legally mandated rate for all hours worked, and prohibiting work without adequate meal breaks (second meal breaks where required);

5. For a permanent and mandatory injunction prohibiting DEFENDANTS, their officers, agents, employees, affiliated companies, and all those working in concert with them, from committing future violations of the laws and public policies described herein;

6. For an award of restitution;

7. For injunctive relief preventing DEFENDANTS from continuing with the unlawful conduct described herein;

8. Imposing all statutory and/or civil penalties provided by law, including but not limited to, penalties under Labor Code §§ 201-204, 210, 211, 226, 226(e), 226.3, 226.7(b), 432, 1198.5 and Wage Order 5-2001 together with interest on these amounts;

9. Awarding PLAINTIFFS, and other Class Members compensatory damages, including but not limited to wages, earnings, expense reimbursement and other compensation, according to proof, and interest on these amounts;

10. Awarding PLAINTIFFS and Class Members damages under ERISA;

11. For award of reasonable attorneys' fees, as provided by Labor Code §§ 226(e), 1194, 2699(g)(1), and CCP § 1021.5, and/or other applicable law;

12. For statutory prejudgment interest;

13. For all costs of suit; and

14. For such other and further relief as this Court deems just and proper.

- 18 -

1         Plaintiffs, and other Class Members request a trial by jury on each cause of action for which

2    a trial by jury is proper.

6    Dated:  March 4, 2019              KLETTER LAW

9    By: _____
                         CARY KLETTER
                         Attorneys for PLAINTIFF
                         SARA LANGLANDS

Dated:  March 4, 2019              HUNTER PYLE LAW

By: _____
                         CHAD SAUNDERS
                         Attorneys for PLAINTIFF
                         LEIGHLAND HOOKS

**CM-010**

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Cary Kletter (SBN210230); Rachel Hallam (SBN 306844)
Kletter Law
1900 S. Norfolk St., Ste. 350
San Mateo, CA 94403
TELEPHONE NO.: (415) 434-3400   FAX NO.:
ATTORNEY FOR (Name): Plaintiffs LANGLANDS, HOOKS, et al.

FOR COURT USE ONLY

**Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 3/6/2019 3:54 PM
Reviewed By: R. Walker
Case #19CV343871
Envelope: 2595021**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara
STREET ADDRESS: 191 N 1st St.
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME:

CASE NAME:
Langlands, et al. v. Leland Stanford Junior University, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 19CV343871 |
|---|---|---|
| ✓ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:  DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
✓ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is ✓ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. ✓ monetary   b. ✓ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action (specify): 10
5. This case ✓ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: March 6, 2019
Cary Kletter
(TYPE OR PRINT NAME)                    ► [signature] (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. By plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the*
    *case involves an uninsured*
    *motorist claim subject to*
    *arbitration, check this item*
    *instead of Auto)*
**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or*
    *toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil*
    *harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer*
            *or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally*
    *complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent*
        *domain, landlord/tenant, or*
        *foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal*
    *drugs, check this item; otherwise,*
    *report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex*
    *case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment *(non-*
        *domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified*
    *above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-*
        *harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified*
    *above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

NKL/NAH

accepted by OGC

@ 127pm on

3/8/19