EXHIBIT B

| | |
|---|---|
| MOLLIE M. BURKS  (SBN: 222112)<br>SAT SANG S. KHALSA  (SBN: 256130)<br>GORDON REES SCULLY MANSUKHANI, LLP<br>275 Battery Street, Suite 2000<br>San Francisco, CA 94111<br>Telephone: 415-986-5900<br>Facsimile:  415-986-8054<br>mburks@grsm.com<br>skhalsa@grsm.com<br><br>Attorneys for Defendant<br>LELAND STANFORD JUNIOR UNIVERSITY | **Electronically Filed**<br>**by Superior Court of CA,**<br>**County of Santa Clara,**<br>**on 4/3/2019 12:26 PM**<br>**Reviewed By: R. Walker**<br>**Case #19CV343871**<br>**Envelope: 2713492** |

### SUPERIOR COURT OF CALIFORNIA

### COUNTY OF SANTA CLARA

| | |
|---|---|
| SARA LANGLANDS and LEIGHLAND HOOKS, individually, and on behalf of all other similarly situated persons,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>LELAND STANFORD JUNIOR UNIVERSITY; and DOES 1 to 20, inclusive,<br><br>　　　　　Defendants. | CASE NO.  19CV343871<br><br>**ANSWER TO COMPLAINT**<br><br>Complaint Filed:  March 6, 2019 |

　　　　Defendant Leland Stanford Junior University (hereafter "Defendant") hereby answers the Unverified Complaint ("Complaint") filed by Plaintiffs Sara Langlands and Leighland Hooks ("Plaintiffs") as follows:

### I.

### **GENERAL DENIAL**

　　　　Pursuant to the provisions of the California Code of Civil Procedure section 431.30(d), Defendant denies generally and specifically each and every allegation contained in Plaintiffs' Complaint, and further deny that Plaintiffs have been damaged in the amounts alleged therein, or in any other amount, or at all.

## II.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses with respect to each cause of action contained within Plaintiffs' Complaint:

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

1. Defendant alleges that the Complaint fails to state a claim for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

(Statute of Limitations)

2. Defendant alleges that Plaintiffs' claims are barred by the applicable statutes of limitation including, but not limited to, California Code of Civil Procedure sections 337, 338, 339, 340 and 343; California Labor Code section 1197.5; and any other applicable statutes of limitation.

### THIRD AFFIRMATIVE DEFENSE

(Unclean Hands)

3. Defendant alleges that Plaintiffs' Complaint, and each purported cause of action alleged therein, is barred by the doctrine of unclean hands, where Plaintiffs are not acting in good faith by bringing the instant lawsuit and has fabricated all allegations of failure to pay all wages and other wage and hour claims.  This Affirmative Defense is plead in the alternative, is to be determined by the Court at trial, and Defendant reserves the right to supplement the facts stated herein after the parties have engaged in discovery.

### FOURTH AFFIRMATIVE DEFENSE

(Waiver)

4. Defendant alleges that by his conduct, Plaintiffs have waived any right to recover any relief pursuant to the Complaint, or any purported cause of action alleged therein.

/ / /

/ / /

**FIFTH AFFIRMATIVE DEFENSE**

(Estoppel)

5. As a separate and distinct affirmative defense, Defendant alleges that Plaintiffs are estopped by his conduct from recovering any relief pursuant to the Complaint, or any purported cause of action alleged therein.

**SIXTH AFFIRMATIVE DEFENSE**

(Lack of Damages/Failure to Mitigate)

6. Defendant alleges that Plaintiffs have suffered no damages as a result of any alleged act or omission of Defendant, and even if Plaintiffs have suffered damages or injuries, all or some portion of said damages or injuries were caused or attributable to Plaintiffs' failure to take reasonable action to mitigate said damages or injuries, if any.

**SEVENTH AFFIRMATIVE DEFENSE**

(Laches)

7. Defendant alleges that Plaintiffs are guilty of undue delay in filing and prosecuting this suit, and accordingly, this action is barred by the doctrine of laches.

**EIGHTH AFFIRMATIVE DEFENSE**

(Good Faith Dispute)

8. Defendant alleges that without conceding that there are any wages and/or monies due, there exists a good faith dispute regarding the payment of wages and/or monies. Therefore, penalties are not warranted.

**NINTH AFFIRMATIVE DEFENSE**

(Failure to Exhaust Internal and Administrative Remedies)

9. Defendant alleges that Plaintiffs' Complaint and any purported cause of action alleged therein is barred by Plaintiffs' failure to exhaust administrative and internal remedies available under state and federal laws, including, without limitation, the California Labor Code, and Defendant's internal policies and procedures.

/ / /

/ / /

**TENTH AFFIRMATIVE DEFENSE**

(No Standing)

10. Defendant alleges that Plaintiffs have no standing to bring some or all of the claims which are therefore barred.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Not Willful)

11. As a separate and distinct affirmative defense, Defendant alleges that the conduct and/or violation of law alleged against Defendant is not sufficient to be "willful" within the meaning of California Labor Code section 203.

**TWELFTH AFFIRMATIVE DEFENSE**

(Compliance with Law/ *De Minimis*)

12. Defendant alleges that any recovery on Plaintiffs' Complaint, or any cause of action contained therein, may be barred by Defendant's compliance or substantial compliance with all applicable laws underlying Plaintiffs' claim and the purported Labor Code violations, if any, were *de minimis*.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Reasonable Interpretation of Applicable Law)

13. Defendant alleges that it acted in good faith reliance upon the reasonable interpretation of applicable law.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Plaintiffs Not Entitled To Attorney's Fees)

14. Defendant alleges that Plaintiffs' Complaint and each cause of action therein fails to state facts upon which attorney's fees can be awarded to Plaintiffs' Attorney.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(Defendant Entitled to Attorney's Fees)

15. Defendant alleges that to the extent that the Complaint and each cause of action set forth therein are unreasonable and/or filed in bad faith and/or are frivolous in nature, an award of attorneys' fees and costs is justified against Plaintiffs pursuant to California law.

### SIXTEENTH AFFIRMATIVE DEFENSE

(Frivolous Lawsuit)

16. This suit is frivolous, unreasonable and/or without foundation and, as a result, Defendant is entitled to recover costs and attorneys' fees from Plaintiffs, and hereby seeks that recovery.

### SEVENTEENTH AFFIRMATIVE DEFENSE

(Plaintiffs Not Aggrieved)

17. Neither Plaintiffs nor any individual they purport to represent is "aggrieved" as that term is defined in California Labor Code § 2698 et seq.

### EIGHTEENTH AFFIRMATIVE DEFENSE

(Plaintiffs Not Adequate Representatives)

18. Plaintiffs are not an adequate representatives of the interests of absent putative aggrieved employees.

### NINETEENTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

19. Defendant alleges that Plaintiffs' claims are barred by the applicable statutes of limitation including, but not limited to, California Code of Civil Procedure sections 337, 338, 339, 340 and 343; California Labor Code section 1197.5; and any other applicable statutes of limitation.

### TWENTIETH AFFIRMATIVE DEFENSE

(Facial Due Process)

20. Defendant alleges that Labor Code section 2699 fails to identify the manner in which penalties for violations of the California Labor Code accrue and thus, is facially ambiguous and violates due process notions pursuant to the United States Constitution.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

(Excessive Fines)

21. Defendant alleges that the penalties and fines sought are unconstitutional and excessive under the United States Constitution, and specifically under the Excessive Fines

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Clause of the Eighth Amendment, U.S. Const. Amend. VIII, and the Due Process Clause of the Fourteenth Amendment, U.S. Const. Amend. XIV, Section 1.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

(Penalties Cannot Be Determined on a Class or Community-Wide Basis)

22. As a separate and distinct affirmative defense, Plaintiffs' claims for penalties under the Private Attorneys General Act, Labor Code section 2698 et seq. (PAGA) cannot be determined on a class or community-wide basis.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

(Failure to Provide Notice)

23. As a separate and distinct affirmative defense, Plaintiffs' claims for penalties under PAGA are barred by Plaintiffs' failure to provide the Labor Workforce Development Agency (LWDA) sufficient notice of their claims, the names of the "aggrieved employees" on whose behalf they intend to seek penalties, and/or the facts underlying their claims to permit the LWDA to make a reasoned determination regarding whether to investigate, and thus Plaintiffs' notice was deficient and the Court lacks jurisdiction over their claims for violation of PAGA.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Unlawful Delegation)

24. As a separate and distinct affirmative defense, Plaintiffs' claims for penalties under PAGA are barred to the extent private actions seeking PAGA penalties manifest an unlawful delegation of executive or other authority.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Jury Trial to any Particular Individual Plaintiff)

25. As a separate and distinct affirmative defense, as a matter of constitutional right and substantive due process, Defendant would be entitled to contest by jury trial its liability to any particular individual plaintiff, even if the representatives of the purported plaintiff class prevail on their claims. Trying this case as a class action would violate the United States Constitution and the California Constitution.

///

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

(Taking)

26. Any award of restitution under California Business & Professions Code, sections 17200 et seq., would constitute a taking of property without just compensation in violation of the Takings Clauses of the Fifth Amendment to the United States Constitution (as incorporated into the Fourteenth Amendment to the United States Constitution) and of Article I, Section 19, of the California Constitution.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

(Acts or Omissions of Plaintiffs)

27. As a separate and distinct affirmative defense, the Complaint, and each purported cause of action contained therein, is barred in whole or in part to the extent that damages, if any, resulted from the acts and/or omissions of Plaintiffs or any person on whose behalf relief is sought.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

(Offset)

28. As a separate and distinct affirmative defense, Defendant is informed and believes and thereon allege that the Complaint is barred as against Defendant as the amounts claimed are overstated or are subject to offset.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

(Claims Not Representative of Class)

29. As a separate and distinct affirmative defense, Defendant alleges that the claims of the named Plaintiffs are not representative of the claims of the members of the putative class, and therefore this action is not properly maintained as a class action.

**THIRTIETH AFFIRMATIVE DEFENSE**

(Class Representative is Adverse to the Class)

30. As a separate and distinct affirmative defense, Defendant alleges that the claims of the named Plaintiffs are adverse to the interests and desires of the members of the putative class and therefore this action is not properly maintained as a class action.

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

(Claims Not Typical of Class)

31. As a separate and distinct affirmative defense, Defendant alleges that the claims and interests of Plaintiffs, and Defendant's defenses thereto, are not typical of the putative claims or related defenses of the putative class as a whole, and Plaintiffs are not a suitable class representative. Therefore, Plaintiffs cannot satisfy the prerequisites for a class action set forth in section 382 of the California Code of Civil Procedure.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

(No Common Questions of Law or Fact)

32. As a separate and distinct affirmative defense, Defendant alleges that there are not questions of law or fact common to the putative class; rather, individualized questions of law and fact predominate over any semblance of common question. In addition, the proof particular to each putative class member's claims and the defenses thereto will vary widely. Therefore, Plaintiffs cannot meet the prerequisites for a class action set forth in section 382 of the California Code of Civil Procedure.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

(Class Action Not Practical)

33. As a separate and distinct affirmative defense, Defendant alleges that this case is not properly maintained as a class action because the prosecution of separate actions by individual members of the putative class would not create a risk of inconsistent or varying adjudications or adjudications that, as a practical matter, would be dispositive of the interests of other members not parties to the action.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

(Class Action Not Proper)

34. As a separate and distinct affirmative defense, Defendant alleges that this action is not properly maintained as a class action because concentrating the litigation of the claims of the putative class, as to which individualized facts and proof will predominate, in one particular forum is not desirable.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

(Class Not Manageable)

35. As a separate and distinct affirmative defense, Defendant alleges that this case is not properly maintained as a class action because of the difficulties likely to be encountered in the management of a class action.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

(Due Process)

36. As a separate and distinct affirmative defense, Defendant alleges that, as applied to this case, California Code of Civil Procedure section 382 fails to provide adequate due process protections inasmuch as it constitutes trial by formula and unfairly restricts Defendant's right to litigate affirmative defenses to the individual claims of Plaintiffs and each member of the putative class and is therefore denies Defendant the protection of the Due Process Clause of the United States Constitution

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

(Plaintiffs at Fault for any Failure to Take Meal and/or Rest Periods)

37. As a separate and distinct affirmative defense, Defendant alleges that Defendant made Plaintiffs aware of their right to and encouraged Plaintiffs to take meal and/or rest periods, and did not require Plaintiffs to work during meal and/or rest periods. Accordingly, Defendant is not liable to Plaintiffs for any failure to take such meal and/or rest periods.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

(Consent)

38. As a separate and distinct affirmative defense, Defendant alleges that the relief prayed for in the Complaint is barred because Plaintiffs consented to Defendant's conduct by virtue of Plaintiffs' own conduct.

/ / /

/ / /

/ / /

/ / /

-9-
ANSWER TO COMPLAINT

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

(Penalties Cannot Be Determined on a Class or Community-Wide Basis)

39.     As a separate and distinct affirmative defense, Plaintiffs' claims for penalties under the Private Attorneys General Act, Labor Code section 2698 et seq. (PAGA) cannot be determined on a class or community-wide basis.

**FORTIETH AFFIRMATIVE DEFENSE**

(Mandatory Arbitration)

40.     As a separate and distinct affirmative defense, Plaintiffs may not proceed in a civil forum, as by contract between the Parties, Plaintiffs have agreed to pursue all claims which are the subject of this action, via private arbitration.

**FORTY-FIRST AFFIRMATIVE DEFENSE**

(Offset of Payment)

41.     If Plaintiff is entitled to payment of any benefits, any such payment must be reduced and offset by any and all other income benefits, as defined in the Plan, payable to Plaintiff.

**FORTY-SECOND AFFIRMATIVE DEFENSE**

(Contractual Defenses)

42.     To the extent the terms and/or provisions of the long-term disability coverage Plan provides contractual defenses not specifically set forth herein, Defendant reserves the right to assert those terms and/or provisions as defenses at anytime throughout this proceeding and incorporates by reference any potentially applicable terms or provisions into this response.

**FORTY-THIRD AFFIRMATIVE DEFENSE**

(Limited Remedy)

43.     Although Defendant denies any liability to Plaintiffs, in the event benefits are awarded to Plaintiffs, Plaintiffs' remedies are limited under ERISA.

**FORTY-FOURTH AFFIRMATIVE DEFENSE**

(Additional Affirmative Defenses)

44.     As a separate and distinct affirmative defense, Defendant reserves the right to

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  amend this Answer to assert additional defenses and/or supplement, alter or change this Answer
2  as may be warranted by the revelation of information during discovery and investigation.

## **PRAYER**

WHEREFORE, Defendant requests that judgment be entered as follows:

1. That Plaintiffs take nothing by way of their Complaint;
2. That the Complaint be dismissed in its entirety with prejudice;
3. For costs of suit incurred in defense of this action;
4. For recovery of attorneys' fees expended in the defense of this action; and
5. For such other and further relief as the Court deems just and proper.

Dated: April 3, 2019

GORDON REES SCULLY MANSUKHANI, LLP

By: _____
Mollie M. Burks
Sat Sang S. Khalsa
Attorneys for Defendant
LELAND STANFORD JUNIOR UNIVERSITY

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Case 5:19-cv-01828   Document 1-2   Filed 04/04/19   Page 13 of 13

Electronically filed
by Superior Court of CA,
County of Santa Clara,
on 4/3/2019 12:26 PM
Reviewed By:R. Walker
Case #19CV343871
Envl #2713492

**PROOF OF SERVICE**
*Langlands v Leland Stanford*
Santa Clara County Superior Court Case No. 19CV343871

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is: Gordon Rees Scully Mansukhani, LLP, 1111 Broadway, Suite 1700, Oakland, CA 94607. On the date below, I served the within documents:

**ANSWER TO COMPLAINT**

☐ **By Fax Transmission:** By transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date.

☐ **By Hand Delivery:** By arranging for personal delivery by Nationwide Legal Service of the document(s) listed above to the person(s) at the address(es) set forth below.

☐ **By Electronic Transmission:** By transmitting via electronic mail the document(s) listed above to the e-mail address(es) set forth below.

☐ **By FedEx:** By placing a true copy thereof enclosed in a sealed envelope, at a station designated for collection and processing of envelopes and packages for overnight delivery by FedEx as part of the ordinary business practices of Gordon & Rees LLP described below, addressed as follows:

☒ **By U.S. Mail:** By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at Oakland, addressed as set forth below.

| **Attorneys for Plaintiff Sara Langlands:** | **Attorneys for Plaintiff Leighland Hooks:** |
|---|---|
| Cary Kletter (SBN 210230)<br>Rachel Hallam (SBN 306844)<br>KLETTER LAW<br>1900 S. Norfolk Street, Suite 350<br>San Mateo, CA 94403<br>Telephone: 415-434-3400<br>Email: ckletter@kletterlaw.com | Hunter Pyle (SBN 191125)<br>Chad Saunders (SBN 257810)<br>HUNTER PYLE LAW<br>428 13th Street, 11th Floor<br>Oakland, CA 94612<br>Telephone: 510-444-4400<br>Email: csaunders@hunterpylelaw.com |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on April 3, 2019 at Oakland, California.

*Eileen Spiers*
_____
Eileen Spiers